Filed 10/17/13  P. v. Mercado CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MERCADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B246129<br>(Super. Ct. No. PA073781)<br>(Los Angeles County) |

Richard Mercado appeals from a judgment of conviction upon a plea of no contest to carrying a dirk or dagger (Pen. Code, § 21310)[1] for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).  Mercado asserts the trial court erred when it failed to hold a *Marsden*[2] hearing on his second request for new counsel due to ineffective representation by his trial counsel.  The Attorney General concedes the error based on *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*).  We conditionally reverse and remand with directions to the trial court to conduct a *Marsden* hearing.

FACTS AND PROCEDURAL BACKGROUND

[1] All statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

1

On May 25, 2012, police officers responded to complaints of gang members selling narcotics at an intersection in Los Angeles. Mercado and a codefendant saw the officers and started walking away. Mercado took a knife from his pocket, threw it on the ground and began to run. Officers arrested him.

Mercado was charged with carrying a dirk or dagger (§ 21310) and violating a criminal street gang injunction (§ 166, subd. (a)(9)).[3] It was alleged that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subds. (b)(1)(A), (d)), and that Mercado had four prior convictions (§ 667.5, subd. (b)).

Before his arraignment, Mercado's appointed counsel, Craig Renetzky, informed the trial court that Mercado wished to represent himself. Mercado confirmed that request and stated that he had represented himself in an earlier proceeding. The trial court explained that self-representation in criminal cases generally is a mistake and noted that Renetzky is an experienced criminal attorney. Mercado responded that he had an issue with his present representation. Interpreting this as a request for a *Marsden* hearing, the court asked the prosecutor to leave the courtroom. Following a *Marsden* hearing, the trial court denied Mercado's request for substitute counsel.

When the arraignment continued, the trial court discussed settlement options with the parties. Under a negotiated plea agreement, Mercado pled no contest to carrying a dirk or dagger and admitted one of the criminal street gang allegations. At Mercado's request, the trial court postponed the sentencing hearing.

Mercado subsequently sent a handwritten letter to the trial court requesting substitute trial counsel and withdrawal of his plea. He stated he was "misadvised by counsel/prosecution as to the collateral consequences of the plea," and did not fully understand that he was pleading to a strike and gang enhancement. Mercado asked the court to appoint new counsel or, alternatively, to allow him to represent himself. The

_____

[3] Mercado was incorrectly charged under section 166, subdivision (a)(9). Effective January 1, 2012, the statute was amended to move the contempt provision for willful disobedience of a criminal street gang injunction from subdivision (a)(9) to subdivision (a)(10). (Stats. 2011, ch. 181, § 4.)

trial court appointed a second attorney, Brent Merritt, "to investigate and prepare the defendant's motion [to withdraw the plea]."

After completing his evaluation of Mercado's case, Merritt informed the trial court that he believed there were no grounds to move to withdraw the plea, and no such motion was filed. The trial court excused Merritt and proceeded with Renetzky as Mercado's counsel. Pursuant to the plea agreement, the court sentenced Mercado to three years four months in prison, consisting of the low term of sixteen months for the violation of section 21310 (§ 1170, subd. (h)), plus two years for the criminal street gang enhancement (§ 186.22, subd. (b)(1)(A)). The remaining count and allegations were dismissed.

Mercado filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause.

DISCUSSION

Mercado contends, and the Attorney General concedes, the trial court erred in failing to conduct a *Marsden* hearing after he clearly stated his desire to withdraw his plea and to obtain substitute counsel. In *Sanchez,* the Supreme Court "specifically disapprove[d]" the practice of appointing conflict counsel to investigate the competence of appointed trial counsel, for purposes of deciding whether to proceed with a motion to withdraw a plea. (53 Cal.4th at p. 90.) The court held that a "trial court is obligated to conduct a *Marsden* hearing on whether to discharge counsel for all purposes and appoint new counsel when a criminal defendant indicates after conviction a desire to withdraw his plea on the ground that his current counsel provided ineffective assistance [if] there is 'at least some clear indication by defendant,' either personally or through his current counsel, that defendant 'wants a substitute attorney.' [Citation.]" (*Id.* at pp. 89-90 & fn. 3.) "'[A] trial court's duty to permit a defendant to state his reasons for dissatisfaction with his attorney arises *when the defendant in some manner moves to discharge his current counsel.*' [Citation.]" (*Id.* at p. 87.)

Mercado specifically requested, by letter to the trial court, that the court appoint substitute counsel and allow him to withdraw his plea. Among other things, he

3

stated he was misadvised by his current trial counsel as to the consequences of his plea. Given this clear indication of Mercado's desire for a substitute attorney, the trial court had a duty to conduct a *Marsden* hearing. (*Sanchez, supra,* 53 Cal.4th at p. 84.) Its failure to do so requires us to reverse and remand with the directions approved in *Sanchez.* (*Id.* at pp. 92-93.)

DISPOSITION

The judgment is conditionally reversed and the matter remanded with the following directions: (1) the trial court shall hold a hearing on Mercado's *Marsden* motion concerning his representation by Renetzky; (2) if the court finds Mercado has shown that a failure to replace his appointed attorney would substantially impair his right to assistance of counsel, the court shall appoint new counsel to represent him for all purposes and shall entertain such applications as newly appointed counsel may make, including a motion to withdraw the plea; and (3) if newly appointed counsel makes no motions, or any motions made are denied, or Mercado's *Marsden* motion is denied, the court shall reinstate the judgment.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Daniel B. Feldstern, Judge

Superior Court County of Los Angeles

_____

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.